UNITED STATES of America, Plaintiff,

v.

Randy Lee BECKWITH, Defendant.

No. 97–CR–176 K.

United States District Court,
D. Utah,
Central Division.

Dec. 23, 1997.

Laurie J. Sartorio, Asst. U.S. Attorney, Salt Lake City, UT, for Plaintiff.

Randy Lee Beckwith, Salt Lake City, UT, pro se.

Herschel Bullen, Salt Lake City, UT, for Defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendant, Randy Lee Beckwith, has elected to proceed pro se and represent himself in his prosecution in this case for two federal offenses. Standby counsel, Mr. Herschel Bullen, Esq., has been appointed to assist defendant and to be a resource for defendant to assist and aid defendant in preparation of and presentation of his defense. However, standby counsel is not the attorney for defendant and is not cocounsel. Defendant controls the extent of participation of standby counsel before the jury and standby counsel's participation before the trial judge alone is subject to the defendant's right to make the election of what claims to pursue or abandon. *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). Defendant has full right to control the litigation. *United States v.*

*McDermott,* 64 F.3d 1448, 1453–1454 (10th Cir.1995).

■ Defendant contended he could not get the cooperation of standby counsel and standby counsel has a conflict. As to the conflict claim, no real conflict of any kind has been shown. Mr. Bullen, a highly experienced criminal defense attorney, is willing to act to aid and assist defendant to the full extent reasonable, but he has other professional matters that will consume some of his time and require his attention to some extent. He is not available full time to respond immediately to every inquiry or request of defendant. However, Mr. Bullen is willing to fully assist defendant as time and circumstance allow and he will act in a fully professional manner. The defendant has not made a definitive showing of any serious deficiency in Mr. Bullen's performance or his willingness to act for defendant's interests.

■ The defendant indicated a desire to replace Mr. Bullen. The court finds no basis for such action. Mr. Bullen is not defendant's attorney in the traditional Sixth Amendment sense and defendant has no choice as to replacing standby counsel absent a showing of some very special circumstance which, in the interest of justice, would warrant a change.[1] No such situation is found to exist in this case. c.f. *United States v. Reddeck,* 22 F.3d 1504, 1511 (10th Cir.1994). Therefore, defendant's request to replace Mr. Bullen, not being shown to be well founded, will be denied. *United States v. Goad,* 44 F.3d 580, 590 (7th Cir.1995). See also *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).

■ However, in order to afford defendant an adequate opportunity for preparation of his case, and to overcome any claim of dissatisfaction between defendant and standby counsel, the court held hearings to determine if defendant could be afforded access to a law library to do necessary research for his case. Defendant is detained in the Salt Lake County Jail under 18 U.S.C. § 3142(e). Defendant advised the court that he is a certified paralegal in California. After three hearings to consider this matter, the court having at various times made orders from the bench to allow defendant access to a library, it became apparent that because defendant is detained under 18 U.S.C. § 3142(e), security and manpower problems within the Marshal Service in this district required a reasonable balancing of the defendant's access to a library with the security concerns of the Marshal Service.

However, the court finds that defendant should be permitted, under Marshal Service guard and reasonable restrictions, to have access to the Tenth Circuit satellite library in the Salt Lake City Federal Courthouse for two hours a day for five days beginning on December 15, 1997 to December 19, 1997. The defendant's hands must be free so he can take notes and use various library volumes. The United States Attorney has raised an objection that defendant is a martial arts expert. The defendant denied the claim and the allegation has not been proven. Defendant has previously been confined in prison and has a record and he is under sentence in another case. The United States Attorney has not shown any special security problems that would justify complete curtailment of defendant's access to a library. Defendant must be allowed to move to special library sets such as West's Federal Digest, Shepard's citators, and the United States Code. Other volumes may be accessed or made available by library staff or other personnel. However, personnel and defendant's management problems for an already overworked and understaffed Marshal Service in this District require consideration. So also of importance are the charges in this case of armed bank robbery (18 U.S.C. § 2113(a) and (d)) and use of a firearm during a crime of violence (18 U.S.C. § 924(c)(1)). The charges are not complex and sophisticated and extensive research is not necessarily required. Therefore, the court finds it is adequate if, after the week of December 15, defendant is given access to the law library three days a week for two hours a day. Mr.

---

1. The court may appoint standby counsel over the defendant's objection. *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975); *McKaskle v. Wiggins,* *supra; United States v. McKinley,* 58 F.3d 1475 (10th Cir.1995). Defendant has no right to standby counsel. *United States v. Gigax,* 605 F.2d 507, 517 (10th Cir.1979).

Bullen has also indicated he will be present, when he can, to assist the defendant. Bullen can be contacted by phone, letter, and pass through communication from the Marshal Service as defendant otherwise desires. Defendant can make full use of Mr. Bullen's services and skills.

Defendant has contended that the Marshals will be able to observe him and to see what he is using and doing as to research. They also may overhear what he says. As to things a Marshal may observe, that situation is inherent in the use of the library, defendant has no expectation of privacy. Security interests require defendant to be observed at all times. Leg irons may remain in place with other security devices that do not impede actual use of library volumes. If defendant wishes to consult with his standby counsel he may make that known to the Marshals who should step back to where they can observe the defendant, but hopefully not overhear the conversation. If something is overheard that is associated with case preparation, that matter should not be disclosed by a Marshal, unless it relates to escape, evidence of a crime to be committed, obstruction of justice, or breach of security, such as smuggling contraband. Such matter would not be privileged. *United States v. Zolin*, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989).

 In *Faretta v. California, supra,* the Supreme Court recognized the Sixth Amendment granted the accused in a criminal case, the right of self representation. The decisions from the Tenth Circuit Court of Appeals have jealously protected that right. Defendant may make a knowing and intelligent waiver of counsel and elect to represent himself. *United States v. Padilla,* 819 F.2d 952 (1987); *Sanchez v. Mondragon,* 858 F.2d 1462 (10th Cir.1988); *United States v. McDermott,* 64 F.3d 1448 (10th Cir.1995); *United States v. Floyd,* 81 F.3d 1517 (10th Cir.1996; *United States v. Baker,* 84 F.3d 1263 (10th Cir.1996)). However, trial courts must be allowed reasonable and flexible discretion to implement the right to self representation in the context of pretrial preparation by detainees. If too restrictive in the confinement of a defendant, the right of self

representation could be significantly diluted. If too rigidly and inflexibly extended, management problems are created which cannot be effectively micromanaged by broad appellate pronouncements. A balance between the right of self representation and security must be made to effectively accommodate both. The court's accommodation in this case is a proper balance.

 If defendant abuses the allowance, self-representation may be curtailed. *Faretta v. California, supra,* 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46. Where a defendant has standby counsel, he normally has no complaint that his personal access to a library is not allowed. *McDermott v. U.S. Marshal's Service,* 92 F.3d 1196, 1996 WL 433969 (10th Cir.1996) P 1 (unpublished). See also *United States v. Pina,* 844 F.2d 1 (1st Cir.1988); *United States v. Chapman,* 954 F.2d 1352 (7th Cir.1992); *United States v. Knox,* 950 F.2d 516 (8th Cir.1991). Also, if defendant abuses the right of self representation he may face a sentencing increase for obstruction *United States v. Sealander,* 91 F.3d 160, 1996 WL 408368 (10th Cir.1996) (unpublished). Defendant in this case has not abused the right at this time and the court's allowance in this instance is justified.

 The United States Marshal shall also assure that defendant has full access to the courts to send mail to his standby counsel, the United States Attorney, and this court. Defendant is indigent. Any restriction on mail for access to the courts in the case of an unconvicted indigent defendant representing himself is unjustified absent abuse. See *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); c.f. *Treff v. Galetka,* 74 F.3d 191 (10th Cir.1996) (convicted prisoner). A pretrial detainee representing himself, who is indigent must be afforded unlimited mail access to the court, standby counsel, and the prosecution, unless abused at which point it may be restricted.

Therefore, the above stated directions from the court, will be followed until further order of the court.

**IT IS SO ORDERED.**