**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES DEWAYNE MUNKUS,

    Petitioner-Appellant,

v.

ROBERT FURLONG and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents-Appellees.

No. 98-1144

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 97-S-1808)

---

Submitted on the briefs:

James Munkus, pro se Petitioner-Appellant, Limon, Colorado.

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    After examining Petitioner-Appellant's brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner, proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On May 7, 1990, Petitioner pled guilty to aggravated robbery and violent crime charges in Colorado State Court. At the time of his plea, he was represented by court-appointed counsel who had negotiated the plea agreement. Petitioner's written plea agreement indicated that he was satisfied with the representation of his attorney. The Colorado state trial court sentenced him to thirty-two years' imprisonment. On direct appeal, the Colorado Court of Appeals affirmed Petitioner's conviction and sentence. After the Colorado Supreme Court denied his petition for certiorari, Petitioner filed a post-conviction relief application in which he alleged that his conviction was invalid because he was never advised of his right to self-representation. The state trial court denied the application and the Colorado Court of Appeals affirmed that denial. The Colorado Supreme Court again denied a petition for certiorari.

Petitioner then filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 in which he repeated his claim that his conviction was invalid because he was not advised of, and did not waive his right to, self-representation. The

magistrate judge found that although the state court admittedly did not advise Petitioner of the right to represent himself it did not deny him a fundamental federal constitutional right. The magistrate judge concluded that there is no federal constitutional right requiring a trial court to advise a criminal defendant of his or her right to self-representation and recommended that the petition be dismissed. The district court adopted the magistrate judge's recommendation, stating that while Petitioner has a constitutional right to self representation, he has "no constitutional right to be informed of the right to self representation." R., Doc. 26 at 4. After dismissing the petition, the district court denied Petitioner a certificate of appealability and denied his request to proceed *in forma pauperis* on appeal. In his appeal of the district court's dismissal of his habeas corpus petition, Petitioner renews his application for a certificate of appealability with this court and requests leave to proceed *in forma pauperis* on appeal.

We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's constitutional right to self-representation is not disputed. See Faretta v. California, 422 U.S. 806, 832, 836 (1975) (confirming that the Sixth Amendment right to counsel "necessarily implies the right of self-representation"); see also McKaskle v. Wiggins, 465 U.S. 168 (1984) (establishing standards for participation of standby counsel in light of right to

self-representation).  At issue is whether there exists a constitutional right to be informed of the right to self-representation, the denial of which would satisfy the standard for issuing a certificate of appealability.

In Faretta, the Supreme Court recognized that a defendant has a constitutional right to conduct his own defense provided that he knowingly and intelligently waives his right to counsel.  See Faretta, 422 U.S. at 835; United States v. Allen, 895 F.2d 1577, 1578 (10th Cir. 1990).  However, neither the Supreme Court nor this court has determined whether trial courts have a duty to advise criminal defendants of the right to represent themselves.  Cf. Faretta, 422 U.S. at 852 (Blackmun, J., dissenting).  Since Faretta was decided, only the Sixth Circuit, in United States v. Martin, 25 F.3d 293, 295-96 (6th Cir. 1994), has spoken on this precise question.[1]  The Sixth Circuit concluded that there is no constitutional right to be informed of the right of self-representation.  See id. at 296.  In analyzing this question, the Sixth Circuit framed the defendant's claim

---

[1]The Sixth Circuit noted that a Second Circuit decision decided before Faretta, United States *ex rel* Maldanado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965), cert. denied sub nom. DiBlasi v. McMann, 384 U.S. 1007 (1966), stated that a defendant need not be notified of his right to self-representation.  See Martin, 25 F.3d at 295.  While Denno remains valid, we do not rely on its reasoning to support our decision.

We also note that the United States Court of Appeals for the Armed Forces has concluded that, unless an accused specifically expresses a desire for self-representation, he need not be advised that he may represent himself.  See United States v. Bowie, 21 M.J. 453, 456 (C.M.A.), cert. denied, 479 U.S. 820 (1986).

that she should have been informed of this right as "an assertion that the right to self-representation can only be waived upon a knowing and intelligent waiver." Id. at 295. The court then determined that such a waiver is not required for the right to self-representation and that the trial court has no obligation to notify the defendant of this right. See id. Like our sister circuit, we examine "the general framework within which the constitutional right to self-representation exists," id. at 296, in order to determine whether a trial court has an obligation to inform a defendant of his right to self-representation.

In Faretta, the Court explained that while the right to counsel is essential to guarantee the defendant a fair trial, the right to self-representation is grounded in the notion of free choice. See Faretta, 422 U.S. at 832-34; see also McKaskle, 465 U.S. at 178 ("[T]he right to appear *pro se* exists to affirm the accused's individual dignity and autonomy."). Here lies the critical distinction between the right to counsel and the right to self-representation: The right to self-representation need not be accompanied by advance warning of its existence. Unlike the prophylactic right to counsel, which exists to preserve a defendant's fair trial concerns until it is affirmatively waived, the right to self-representation is implicated only when a defendant decides to waive his right to counsel. A defendant's waiver of his right to counsel is valid only if it is knowing and intelligent; the waiver is knowing and intelligent only if the trial court informs the

defendant on the record of the nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation.  See Faretta, 422 U.S. at 835; United States v. Willie, 941 F.2d 1384, 1388 (10th Cir. 1991), cert. denied, 502 U.S. 1106 (1992).

As noted above, the purpose of these warnings is to protect the defendant's right to a fair trial.  This preventive aim is reflected in the oft-repeated phrase, "[W]hen the right of self-representation is exercised it 'usually increases the likelihood of a trial outcome unfavorable to the defendant.'"  United States v. Baker, 84 F.3d 1263, 1264 (10th Cir. 1996) (quoting McKaskle, 465 U.S. at 177 n.8).  In light of this well-recognized reality, no court has said that the fair trial protections which are required to waive the right to counsel are necessary to waive the right to self-representation; in theory, a defendant's fair trial rights are protected when he exercises the right to counsel and avoids self-representation.  Thus, because "the right to self-representation does not implicate constitutional fair trial considerations to the same extent as does an accused's right to counsel," Martin, 25 F.3d at 295, it requires neither notice of the right's existence prior to legal proceedings nor a knowing and intelligent waiver.  Cf. Schneckloth v. Bustamonte, 412 U.S. 218, 237 (1973) ("Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to

preserve a fair trial.").

Further, because the right to self-representation arises only when a defendant knowingly and intelligently waives the right to counsel, courts consistently have discussed the right to self-representation in terms of invoking or asserting it. See Baker, 84 F.3d at 1267 (holding that defendant met necessary requirements in order to invoke right of self-representation); Stano v. Dugger, 921 F.2d 1125, 1143 (11th Cir.) (stating that right to counsel "attaches automatically and must be waived affirmatively to be lost, while the [right to self-representation] does 'not attach unless and until it [i]s *asserted*'" (citation omitted)), cert. denied sub nom. Stano v. Singletary, 502 U.S. 835 (1991); United States v. Allen, 789 F.2d 90, 94 (1st Cir.) (holding that right of self-representation did not attach because defendant had made no indication of his desire to proceed without counsel), cert. denied, 479 U.S. 846 (1986); Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982) (en banc) ("While right to counsel is in force until [knowingly and intelligently] *waived*, the right of self-representation does not attach until *asserted*."). Accordingly, a "defendant must meet several requirements in order to invoke this right." Baker, 84 F.3d at 1264. First, the defendant must "clearly and unequivocally declare[]" his intention to proceed pro se. Faretta, 422 U.S. at 835; accord United States v. Callwood, 66 F.3d 1110, 1113 (10th Cir. 1995); United States v. Reddeck, 22 F.3d 1504, 1510

(10th Cir. 1994). Second, this assertion must be timely. See United States v. Nunez, 877 F.2d 1475, 1478-79 (10th Cir.), cert. denied, 493 U.S. 981 (1989); accord Jackson v. Ylst, 921 F.2d 882, 888-99 (9th Cir. 1990) (holding that untimely and equivocal request to represent self was not sufficient to invoke right). Finally, there must "be a showing that [the defendant] 'knowingly and intelligently' relinquishes the benefits of representation by counsel." United States v. McKinley, 58 F.3d 1475, 1481 (10th Cir. 1995) (quoting Faretta, 422 U.S. at 835); see also United States v. Schaff, 948 F.2d 501, 503 (9th Cir. 1991) ("It is well established in this circuit that in order to invoke the sixth amendment right to self representation, the request must be: (1) knowing and intelligent, (2) unequivocal, (3) timely, and (4) not for purposes of delay.").

In this case, Petitioner did not even satisfy the first requirement: He never made any request to represent himself nor did he make any statement that could be construed as such. While the defendant in Martin expressed dissatisfaction with her trial counsel's performance, which perhaps could be interpreted as a request to represent herself or a request for different counsel, Petitioner has never alleged any misconduct or ineffective representation on the part of his counsel. Because Petitioner has done nothing to show that he clearly and equivocally declared his intention to represent himself, he has failed to invoke his right to do so.

Finally, our examination of the constitutional basis of the right to self-representation reveals that the right is not absolute. "A district court is not obliged to accept every defendant's invocation of the right to self-representation." United States v. Purnett, 910 F.2d 51, 55 (2d Cir. 1990). In fact, a court may terminate the right to self-representation, or the defendant may waive it, even after he has unequivocally asserted it. See Faretta, 422 U.S. at 834 n.46 ("[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."); United States v. Bennett, 539 F.2d 45, 50-51 (10th Cir.) (holding that the record supported findings that defendant forfeited his right to self-representation by vacillating on the issue), cert. denied, 429 U.S. 925 (1976); United States v. Montgomery, 529 F.2d 1404, 1406 (10th Cir.) (holding that defendant waived right to proceed pro se when he allowed public defender to conduct plea bargaining on his behalf and accepted the benefits of the plea bargaining by pleading guilty to a lesser offense), cert. denied, 426 U.S. 908 (1976); cf. Wilson v. Gomez, 105 F.3d 668 (9th Cir. 1996) (Table) (holding that defendant waived his right to self-representation by making equivocal requests regarding self-representation). These cases demonstrate that a waiver or a termination of the right to self-representation may occur without the defendant's knowledge or consent. In fact, a waiver or termination may result merely from the defendant's equivocation. See Callwood, 66 F.3d at 1114.

In light of these constraints on the right of self-representation, we agree with the Sixth Circuit's reasoned determination that a criminal defendant does not have a constitutional right to be informed of his constitutional right of self-representation. We therefore deny Petitioner a certificate of appealability and dismiss this appeal.[2]

**DENIED** and **DISMISSED**.

---

[2]We grant Petitioner's request to proceed *in forma pauperis* on appeal.