**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GLYNN R. SIMMONS,

        Petitioner-Appellant,

v.

RON WARD,

        Respondent-Appellee.

No. 98-6414
(D.C. No. 97-CV-649)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

After examining appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Glynn R. Simmons, a prisoner of the State of Oklahoma appearing pro se, appeals from the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. The district court also denied appellant a certificate of appealability; appellant has filed a motion for a certificate of appealability with this court. Our jurisdiction over this appeal arises from 28 U.S.C. § 2253(a). We must initially determine if appellant has "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Munkus v. Furlong*, 170 F.3d 980, 982 (10th Cir. 1999).

Appellant contends that his underlying conviction for murder is constitutionally invalid because the prosecutor permitted false identification testimony and failed to disclose exculpatory evidence contained in two police reports, as required by *Brady v. Maryland*, 373 U.S. 83 (1963). He contends that these issues should be addressed on the merits despite his failure to raise them on direct appeal from his conviction because both his trial and appellate counsel provided ineffective assistance of counsel. *See Coleman v. Thompson*, 501 U.S. 722, 750, 752 (1991) (ineffective assistance of counsel may constitute cause excusing procedural default).

Appellant also contends that he is factually innocent of the crime for which he was convicted, and therefore our failure to consider these issues will result in a fundamental miscarriage of justice. *See id.* This argument was not raised to

the district court, and therefore we will not consider it on appeal.   *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

The district court determined that appellant had not demonstrated prejudice and that neither his trial nor appellate counsel were ineffective.   *See Strickland v. Washington*, 466 U.S. 668, 691-92 (1984).  Therefore, it also concluded that he had not shown cause for his failure to raise the   *Brady*  issues on direct appeal and that those issues were procedurally barred.  After careful review of the record on appeal, we conclude that the district court's analysis of this case is correct and that appellant has not made a substantial showing of the denial of a constitutional right.  Therefore, for substantially the reasons set forth in the magistrate judge's report and recommendation, adopted by an order of the district court, we deny appellant's request for a certificate of appealability.  The appeal is DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge