**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRENDA BURTON,

    Defendant - Appellant.

No. 16-4108
(D.C. No. 2:15-CR-00388-DS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

In this appeal, a criminal defendant claims denial of her right to represent herself. For this claim, the dispositive issue is whether the defendant clearly and unequivocally requested self-representation. She admits that she did not expressly request to represent herself. But she argues that one of her statements—though equivocal in the abstract—was rendered unequivocal because the district court understood what she

_____

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

wanted. We conclude that the defendant did not clearly and unequivocally invoke her right to self-representation.[1] Thus, we affirm her conviction.[2]

## I.    The defendant announces her firing of counsel.

The defendant was indicted in two cases, both assigned to the same district judge. In the first case, she had been allowed to represent herself. Subsequently, however, the defendant failed to appear at two hearings, and the district court revoked its earlier grant of self-representation. When the defendant next appeared, a magistrate judge permitted the defendant to represent herself. The district judge subsequently reasserted his revocation order and appointed counsel for the defendant.

The defendant allegedly failed to appear in that case and was indicted for her failure to appear. At the initial appearance in the failure-to-appear case (this case), the defendant requested counsel.[3] When the trial

---

[1]    In light of this conclusion, we need not consider the government's alternative argument that the defendant forfeited self-representation by failing to adhere to courtroom protocol.

[2]    The defendant does not argue that the district court prevented her from making a clear and unequivocal request. We therefore do not address such an argument.

[3]    App'x vol. 2, at 17 ("[The defendant's counsel]: . . . I've had a lengthy conversation with [the defendant], and, yes, she does wish me to be her attorney in this matter, as well as the other matter."); *see also* *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995) (an attorney can communicate a client's representation requests).

was to begin in the new case, the district judge addressed defense counsel. App'x vol. 2, at 58. This exchange then took place:

> The Defendant: And I fired him and he has no right to speak for me.
>
> The Court: No. He's here to represent you, and you are not to represent yourself. That already has been taken care of. He's here to represent you in this trial.

*Id*. The defendant contends that given the context, the district court's statement constitutes a finding that the defendant was trying to represent herself. We disagree with this characterization; the court did not state a finding that the defendant was seeking self-representation.

## II. The defendant did not clearly and unequivocally request self-representation.

On the overarching constitutional issue, we engage in de novo review. *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000).

Criminal defendants can represent themselves, though we have acknowledged that exercise of this right is generally a bad idea. *See United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 2017) (explaining that the right to counsel receives "constitutional primacy" because choosing self-representation "ordinarily undermines the defendant's chance of a favorable outcome"), *petition for cert. docketed* (U.S. June 8, 2017) (No. 16-9476). Thus, we make it easier to obtain counsel than to proceed pro se. *See Munkus v. Furlong*, 170 F.3d 980, 983 (10th Cir. 1999) (explaining

3

that a defendant must "invoke" self-representation, while the right to counsel is a "prophylactic right" that exists until affirmatively waived).

To represent oneself, a defendant must satisfy four requirements:

> First, the defendant must "clearly and unequivocally" inform the district court of his intention to represent himself. Second, the request must be timely and not for the purpose of delay. Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. Finally, the defendant must be able and willing to abide by rules of procedure and courtroom protocol.

*United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006) (citations & internal quotation marks omitted). In addition, we "'indulge in every reasonable presumption against waiver'" of counsel. *Simpson*, 845 F.3d at 1046 (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)).

The dispositive issue here is whether the defendant "clearly and unequivocally" requested to represent herself.[4] We conclude that she did not.

The defendant acknowledges that her statement—"And I fired him and he has no right to speak for me"—in the abstract was not a clear and unequivocal request. Appellant's Reply Br. at 1. We agree with the defendant that this statement was equivocal, as it was unclear whether she wanted to represent herself or simply wanted new counsel. *See United*

---

[4]    The defendant acknowledges that she requested counsel at her initial appearance in district court. *See* Oral Arg. 3:31-3:34 (statement by defense counsel).

4

*States v. Reddeck*, 22 F.3d 1504, 1511 (10th Cir. 1994) (noting that the defendant's pro se motion to dismiss counsel for ineffective assistance was unclear because the defendant could either have been seeking new counsel or requesting self-representation).

Instead, the defendant relies on the context, including her colloquy with the district court. We agree that we must consider the defendant's statements in context and not in the abstract. *Simpson*, 845 F.3d at 1048. Here, the context does provide the defendant with some support:

- The defendant had requested self-representation in her earlier, related case;

- the same judge presided over both cases; and

- the district court appeared to contemplate that the defendant might be requesting self-representation.

But we must engage in every reasonable presumption that the defendant was not requesting self-representation. *Id.* at 1049. Doing so, we view the defendant's request as ambiguous. At her initial appearance, the defendant requested a specific attorney. She then told the district court that she had fired that attorney. Thus, the court could legitimately infer that the defendant simply wanted a different attorney.

Because of the ambiguity, we do not know what the district court was thinking. The defendant may be correct that the district court regarded the defendant's statement as an unequivocal request for self-representation. But the district court may also have been hedging.

5

We must engage in every reasonable presumption against waiver of the right to counsel. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). Here, the district court might not have intended its remark as a finding that the defendant wanted to represent herself. We therefore are not bound by the clear-error standard. *See United States v. Loya-Rodriguez*, 672 F.3d 849, 856 (10th Cir. 2012) (stating that we review for clear error a district court's finding as to whether a defendant has unequivocally requested self-representation).

Let's assume, for the sake of argument, that the district court subjectively understood that the defendant was requesting self-representation. Ms. Burton argues that she would not need to do anything more, claiming that the only reason we require clarity is to avoid confusing the trial court. But we require requests for self-representation to be clear and unequivocal to protect defendants as well as trial courts. *United States v. Simpson*, 845 F.3d 1039, 1047 (10th Cir. 2017). Defendants are protected against inadvertently waiving counsel through their "[']occasional musings on the benefits of self-representation.'"[5] *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000) (quoting *United States v. Frazier–El*, 204 F.3d 553, 558 (4th Cir. 2000)). And trial courts

---

[5]    Even if a defendant mistakenly requests self-representation, the defendant is further protected against inadvertent waiver by the requirement that the waiver be voluntary, knowing, and intelligent. *See United States v. Vann*, 776 F.3d 746, 763 (10th Cir. 2015).

are protected against defendants' attempts to manipulate the rights to counsel and self-representation. *Id.*; *see also Simpson*, 845 F.3d at 1047 ("Without a clear and unequivocal request, the court would face a dilemma, for an equivocal demand creates a potential ground for reversal however the trial court rules.").

The first of these protections (protection for the defendant against inadvertent waiver) would be threatened if we were to wholly defer to a trial court's understanding that a defendant has requested self-representation. In this case, for instance, it turned out that the defendant had wanted to represent herself. But what if she hadn't? We require requests for self-representation to be clear and unequivocal to protect defendants against a trial court's mistaken belief that a defendant wants to waive the right to an attorney.

Here the defendant's remark was neither clear nor unequivocal, and the district court's ambiguous response did nothing to infuse the defendant's statement with clarity.

## III.  Conclusion

In light of the absence of a clear and unequivocal request for self-representation, we conclude that the district court did not err in declining

to authorize self-representation. Thus, we affirm the conviction.

Entered for the Court,

Robert E. Bacharach
Circuit Judge