UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

WILLIAM J. BARNETT,

      Petitioner-Appellee,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellants.

No. 00-2455
(D. N.M.)
(D.Ct. No. CIV-97-763-MV/DJS)

_____

ORDER
Filed June 7, 2001

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

     Appellee's petition for rehearing is granted for the limited purpose of

revising pages 8 and 9 of the order and judgment filed on April 27, 2001. A copy

of the revised order and judgment is attached to this order.

                           Entered for the Court
                           Patrick Fisher, Clerk of Court

                           By:
                                Keith Nelson
                                Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

WILLIAM J. BARNETT,

     Petitioner-Appellee,

v.

TIM LEMASTER, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

     Respondents-Appellants.

No. 00-2455
(D. N.M.)
(D.Ct. No. CIV-97-763-MV/DJS)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant-Respondent, Tim LeMaster, by and through the State of New Mexico and the Office of the Attorney General for the State of New Mexico (collectively "State"), appeals from a federal district court order and judgment granting Appellee-Petitioner, William Barnett, habeas corpus relief under 28 U.S.C. § 2254. The district court determined Mr. Barnett's conviction was contrary to federal law because the State denied Mr. Barnett his Sixth Amendment right to represent himself at trial. We exercise our jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm the district court's decision.

A discussion of the facts and procedural background of this case is necessary for our disposition. Prior to his state trial, Mr. Barnett filed a motion requesting permission to proceed to trial *pro se*. During a hearing on Mr. Barnett's motion, the trial court questioned Mr. Barnett about his reasons for wanting to proceed to trial without representation by counsel. In response, Mr. Barnett claimed his attorney, Ms. Brandt, believed they would lose if they went to trial, did not "want to go in front of a jury," and refused to investigate certain facts. Mr. Barnett admitted he could not represent himself any better than Ms. Brandt, but stated he felt the only way he could prove his innocence to the jury was "by doing it [himself]." Mr. Barnett also acknowledged he possessed no real means to investigate his case due to his incarceration. When the district court

urged Mr. Barnett to use his counsel and advised him self-representation was "an extremely dangerous course," Mr. Barnett responded, "I still feel that my best interest is for me to take it to trial and pray that the court will give me some lenience as far as having some legal advice from an attorney or something." The court cautioned Mr. Barnett it could not represent him or make objections on his behalf. The court acknowledged it could appoint standby counsel, but stated "it's pointless to do that." The trial court then indicated Mr. Barnett would be conducting voir dire of the jurors as well as handling all other trial functions, and questioned his competence to do so. In response, Mr. Barnett stated "I don't feel that I'm competent to do it. I don't. But ... I know I'm not guilty..... I have to come in and prove myself not guilty." Later, the following colloquy ensued:

> THE COURT: ... [I]f you're saying that you don't feel that you're competent to represent yourself, then as far as I'm concerned, Ms. Brandt is going to remain as your attorney. The court proceeds ultimately to find justice, but it takes a lot of battling to get to that point.
>
> MR. BARNETT: Yes, ma'am.
>
> THE COURT: So, it's an adversary system, and that's what is occurring in a courtroom. I'm not going to grant your motion to represent yourself. I don't feel – and you've stated that you're not competent to represent yourself. I'm going to rule that Ms. Brandt will continue to be your attorney on this matter, and I suggest that you just work with her as best you can.
>
> ....
>
> ... I think you have a competent attorney representing you in

this matter.  Anything further?

MR. BARNETT:  No, ma'am.  I –

THE COURT:  Okay.  That's the ruling of the court.

Following his conviction and sentence, Mr. Barnett filed a direct appeal to the New Mexico Court of Appeals, alleging the trial court erred in not permitting him to represent himself at trial.  The New Mexico Court of Appeals affirmed, finding the trial court was within its discretion in ruling Mr. Barnett did not make a knowing and intelligent waiver of counsel in light of Mr. Barnett's admitted lack of competence to perform the requisite trial functions.

Unsuccessful at the state level, Mr. Barnett filed his § 2254 petition, seeking federal habeas relief on the same grounds.  The federal district court assigned the matter to a magistrate judge, who issued proposed findings and a recommended disposition.  The magistrate judge found Mr. Barnett twice requested permission to conduct his own defense – *albeit* with the assistance of counsel – and his request was unambiguous despite his doubts about his ability to try his case.  The magistrate judge also reasoned that Mr. Barnett's doubts about his lack of expertise or professional ability could not justify denying him the right to self-representation.  For these reasons, the magistrate judge determined the decisions of the New Mexico trial court and Court of Appeals were contrary to

-4-

Federal constitutional law, and recommended the petition be granted and the State be required to release or retry Mr. Barnett. Following a review of the State's objections thereto, the district court issued an Order and Judgment dated September 26, 2000, which adopted the magistrate judge's proposed findings and recommended disposition and vacated Mr. Barnett's conviction. The district court further suspended the writ of habeas corpus for ninety days, stating the State "shall release [Mr. Barnett] from custody ninety days from the date of this order."

The State of New Mexico filed this appeal, asserting the federal district court applied the wrong standard of review because it did not give sufficient deference to the state court findings. Instead, the State contends the court substituted its own findings of fact in determining the state courts failed to properly apply federal law. The State claims Mr. Barnett never made a knowing and intelligent waiver of his right to counsel, and that his request to proceed *pro se* was not clear and unequivocal. In support, the State contends Mr. Barnett made ambiguous statements to the trial court as to his competency to conduct his own trial and whether he wanted assistance of counsel.

Following the State's appeal, Mr. Barnett filed a motion for appointment for counsel, which this court denied. Thereafter, Mr. Barnett filed a request with

the federal district court to clarify the ninety-day release language in its Order and Judgment, and the State filed a motion requesting a stay of the district court proceedings pending appeal. The district court determined Mr. Barnett required counsel to assist him in proceeding on the motions and ordered the Office of the Federal Public Defender "to represent [Mr. Barnett] in the proceedings before this Court."[1] The clerk for the district court did not forward to the Tenth Circuit a copy of the district court's order appointing counsel.

Thereafter, Mr. Barnett filed his appeal brief responding to the State's appeal and arguing in support of the federal district court's judgment. While Mr. Barnett filed a *pro se* entry of appearance, captioned his brief as written by him "pro se," and signed his brief, an unidentified attorney with the Office of the Federal Public Defender admits in the brief that he or she assisted Mr. Barnett in writing the brief. In the brief, Mr. Barnett and his unidentified counsel renew Mr. Barnett's motion for appointment of counsel in light of the district court's appointment of counsel to represent him in the proceeding before it. In reply, the State contends the Office of the Federal Public Defender improperly engaged in the practice of "ghost writing" in contravention of our order denying Mr. Barnett

_____

[1] Ultimately, because Mr. Barnett failed to respond to the State's motion to stay, the district court issued an order staying its judgment pending appeal.

appointed counsel on appeal.  As a result, the State asks this court to deny Mr.

Barnett's renewed motion for appointment of counsel and sanction the Office of

the Federal Public Defender.


## A.  Pro Se Brief Authored by Counsel, and
## Requests for Appointment of Counsel and Sanctions

We begin with Mr. Barnett's "pro se" brief (*i.e.*, authored by counsel), his

renewed request for appointment of counsel, and the State's request for sanctions.

Generally, this court appoints counsel to represent prisoners in habeas appeals if

the prisoner was represented in the district court.  *See* 18 U.S.C. § 3006A(g); 10th

Cir. R. 46.3(A).  However, in this case, the district court did not appoint Mr.

Barnett counsel until after we denied Mr. Barnett's initial request for counsel on

appeal.  Neither Mr. Barnett, his appointed counsel, nor the district court clerk

informed this Court of the district court's appointment of counsel until Mr.

Barnett filed his "*pro se*" appeal brief – written and unsigned by his appointed

counsel.


The Federal Rules of Civil Procedure require "[e]very pleading, written

motion, and other paper shall be signed by at least one attorney of record in the

attorney's individual name, or, if the party is not represented by an attorney, shall

be signed by the party."  Fed. R. Civ. P. 11(a).  In applying this rule, we have

expressed our concern with attorneys who "author pleadings and necessarily guide the course of the litigation with an unseen hand." *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001) (quotation marks, alterations and citation omitted). Our concern stems from the undue advantage gained when unidentified attorneys author "*pro se*" pleadings. For example, we afford a *pro se* litigant's pleadings a more liberal construction than those drafted by an attorney. *Id.* at 1272. Moreover, the failure to sign a pleading shields an attorney from responsibility and accountability for his actions. *Id.* Consequently, we have determined the failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to this court by both the litigant and attorney. *Id.* For these reasons, we have held "any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved." *Id.* at 1273.

Under the circumstances presented here, where Mr. Barnett entered a *pro se* appearance as well as filed and signed his appeal *pro se*, the attorney who drafted the brief misrepresented the nature of his or her assistance to Mr. Barnett. In this situation, the only redeeming circumstance is the fact the attorney for the Office of the Federal Public Defender put this court on notice of his or her drafting of Mr. Barnett's brief – albeit on the last full page of the brief. Apparently, the attorney felt constricted by our prior order denying appointment of counsel, but

-8-

compelled to champion Mr. Barnett's cause due to the district court's later appointment of counsel in the proceeding before that court. With a deadline looming ahead, the attorney apparently saw fit to file a timely, but misrepresented, "*pro se*" brief and renew the motion for appointment of counsel at the same time, instead of properly renewing that motion prior to filing the authored brief. But when a brief labeled as "*pro se*" is actually authored by an attorney, that attorney absolutely must identify himself by name and sign the brief. *See Duran*, 238 F.3d at 1272; *see also* Fed. R. Civ. P. 11(a). In this case, we acknowledge counsel for Mr. Barnett filed his brief two weeks before we issued our decision in Duran. Nevertheless, Rule 11(a) has long required that an attorney sign a pleading he or she has drafted. Furthermore, once the office of the federal public defender and the attorney who drafted Mr. Barnett's brief became aware of our holding in *Duran*, we believe they had an obligation to inform this court of the identity of the attorney authoring the unsigned brief pending before us, thereby acknowledging their attempt to comply with *Duran*. Counsel's actions in this case do not comport with the high standards we have come to expect from the attorneys in the office of the federal public defender. Because of the misrepresentation committed in this case, we admonish the Office of the Federal Public Defender and its attorney and warn them that further violations of this nature will result in appropriate sanctions. While we are reluctant to reward any

attorney or litigant for committing a misrepresentation to this court, we will nevertheless grant Mr. Barnett's motion for appointment of counsel and accept his brief on appeal, based on our review of the record and due to the district court's appointment of counsel prior to the filing of Mr. Barnett's brief. In so doing, we recognize the liberal construction usually afforded *pro se* litigants is no longer warranted in this case. Finally, counsel for Mr. Barnett is instructed to file an entry of appearance in this court within FIVE days from the date this order and judgment is filed, identifying him- or herself as the attorney who authored the brief at issue.

## B. Right to Proceed *Pro Se* at Trial

Next, we turn to the State's contention Mr. Barnett never made a knowing and intelligent waiver of his right to counsel, and that his request to proceed *pro se* was not clear and unequivocal. In making this assertion, the State complains the federal district court applied the wrong standard of review because it did not give sufficient deference to the state court findings and, instead, substituted its own findings of fact in determining the state courts failed to properly apply federal law.[2] Because the state courts addressed the merit of Mr. Barnett's claim,

---

[2] The State's argument that we must apply 28 U.S.C. § 2254(e)(1)'s presumption of correctness to the state court's legal conclusion is not supported by the plain language of the statute. *See* 28 U.S.C. § 2254(e)(1); *see also Hale*, 227 F.3d at 1309.

we must determine if the state proceedings "resulted in a decision that was contrary to, or involved, an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1)). We must presume the state courts' factual findings are correct unless the habeas petitioner can rebut this presumption by clear and convincing evidence. *Id.* If the state courts failed to make factual findings, we review the district court's factual findings for clear error. *Id.* We review *de novo* whether a constitutional violation occurred and for clear error the factual findings underling the district court's decision a violation occurred. *See United States v. Akers*, 215 F.3d 1089, 1096 (10th Cir.), *cert. denied*, 121 S. Ct. 591 (2000).

We begin with the principles pertaining to the right to self-representation. It is well-established "[a] criminal defendant has a constitutional and a statutory right to waive his right to counsel and represent himself at trial." *Akers*, 215 F.3d at 1096-97 (relying on *Faretta v. California*, 422 U.S. 806, 807 (1975) and 28 U.S.C. § 1654). The denial of a defendant's right of self-representation is not amenable to harmless error analysis. The right is either respected or denied; its deprivation cannot be harmless." *Id.* at 1096 (quotation marks and citation omitted.) We have determined that to invoke the right of self-representation, the

defendant must: 1) clearly and unequivocally assert his intention to represent himself; 2) knowingly and intelligently relinquish the benefits of representation by counsel; and 3) make this assertion in a timely fashion. *Id.* at 1097.

Applying our standard of review and the principles associated with the right of self-representation, we agree with the district court's overall assessment in this case. In so doing, we reject the State's assertion the district court applied the wrong standard of review because it did not give sufficient deference to the state court findings and, instead, substituted its own findings of fact. We point out the state trial court did not explicitly state any findings of fact on whether Mr. Barnett failed to either clearly and unequivocally assert his intention to represent himself or whether he demonstrated a knowingly and intelligent relinquishment of representation by counsel. Rather, the state trial court denied Mr. Barnett's request to proceed *pro se* solely and explicitly on its finding that Mr. Barnett admitted he lacked the expertise or professional ability to represent himself. Specifically, after Mr. Barnett admitted his inability to investigate the facts, deal with expert or medical witnesses, conduct voir dire, and handle all the other trial functions, the trial court stated, "[I]f you're saying that you don't feel that you're competent to represent yourself, then as far as I'm concerned, Ms. Brandt is going to remain as your attorney.... I'm not going to grant your motion to represent

yourself. I don't feel – and you've stated that you're not competent to represent yourself."

We have long held a court's determination that the accused lacks expertise or professional abilities cannot justify denying him the right to self-representation. *See United States v. McKinley*, 58 F.3d 1475, 1481 (10th Cir. 1995); *United States v. Bennett*, 539 F.2d 45, 50-51 (10th Cir.), *cert. denied*, 429 U.S. 925 (1976). In other words, the competence required of Mr. Barnett "to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." *McKinley*, 58 F.3d at 1481 (quoting *Godinez v. Moran*, 509 U.S. 389, 399 (1993) (emphasis in original)). Thus, when the New Mexico Court of Appeals affirmed the trial court's ruling, it also improperly based its ruling on Mr. Barnett's admission he did not have the expertise to perform some of the requisite trial functions. Under the circumstances presented, the federal district court did not substitute its own findings for those of the state courts, but instead correctly repeated their finding that Mr. Barnett admitted he lacked the skills to perform certain trial functions. Because the state courts based their denial of Mr. Barnett's request for self-representation on this finding, and federal law prohibits the denial of self-representation based on a lack of expertise or professional ability, the district court correctly concluded the New Mexico trial

-13-

and appellate courts' holdings were contrary to clearly established federal law.

Given the State's other claims on appeal, we are reluctant to fully concur with the district court's assessment absent a review of whether Mr. Barnett met the three requirements necessary to invoke the right of self-representation. Absent any express findings by the state trial court on these requirements, we review the district court's findings for clear error to determine whether Mr. Barnett: 1) made this assertion in a timely fashion; 2) clearly and unequivocally asserted his intention to represent himself; and 3) knowingly and intelligently relinquished the benefits of representation by counsel. *Akers*, 215 F.3d at 1097.

In this case, it is clear Mr. Barnett's motion for self-representation was timely because he made it before trial. *Akers*, 215 F.3d at 1097. Next, as the district court determined, Mr. Barnett clearly and unequivocally asserted his intention to represent himself. While Mr. Barnett somewhat inarticulately voiced his desire to proceed to trial *pro se*, his desire to do so was nevertheless consistently expressed and unambiguous. First, Mr. Barnett filed a motion plainly requesting to proceed *pro se*. Second, at the hearing on his motion, the trial court inquired into Mr. Barnett's reasons for wanting to proceed *pro se*. While Mr. Barnett admitted to the court that he could not represent himself any better than

-14-

his appointed attorney, Mr. Barnett explained the only way he felt he could prove his innocence to the jury was "by doing it [himself]."  When the district court urged Mr. Barnett to use his counsel and advised him self-representation was "an extremely dangerous course," Mr. Barnett responded, "I still feel that my best interest is for me to take it to trial and pray that the court will give me some lenience as far as having some legal advice from an attorney or something."  Last, Mr. Barnett's appointed trial counsel confirmed at the hearing that Mr. Barnett was interested in proceeding *pro se*.

Under these circumstances, we agree with the district court that Mr. Barnett requested permission to conduct his own defense – albeit with standby assistance of counsel – and that his request was unambiguous.  Moreover, Mr. Barnett never retracted his request, and his request for advisory or standby counsel did not waive nor lessen his right to represent himself.[3]  *See United States v. Baker*, 84 F.3d 1263, 1267 (10th Cir. 1996).

---

[3] The State relies extensively on *Fields v. Murray*, 49 F.3d 1024 (4th Cir.), *cert. denied*, 516 U.S. 884 (1995), to support its claim Mr. Barnett failed to invoke his right to self-representation clearly and unequivocally.  Our review shows the defendant in that case only asked to proceed *pro se* once in a letter to the court, and at a subsequent hearing he never expressed any desire to represent himself, as Mr. Barnett did here.  *Id.* at 1033.

Next, we must consider the State's assertion, and the New Mexico Court of Appeals' conclusion that Mr. Barnett did not knowingly and intelligently relinquish the benefits of representation by counsel. Because the state appellate court ruled on the merits of this issue, but failed to make any factual findings, no presumption of factual correctness can apply. Because the federal district court made no factual findings concerning this particular waiver requirement, we will independently review the record. *See Smallwood v. Gibson*, 191 F.3d 1257, 1264 n.1 (10th Cir. 1999), *cert. denied*, 121 S. Ct. 88 (2000). In determining if Mr. Barnett knowingly and intelligently waived counsel, we look to the record and the entire circumstances of the case, including Mr. Barnett's "age and education, his previous experience with criminal trials, and his background, experience and conduct." *United States v. Taylor*, 183 F.3d 1199, 1203 (10th Cir.), *cert. denied*, 528 U.S. 904 (1999). The court must "make certain that an accused's professed [plea for] waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Id.* (quotation marks and emphasis omitted). This includes "an apprehension of the nature of the charges, the statutory offenses, the range of allowable punishment, possible defenses to the charges, circumstances in mitigation, and all other facts essential to a broad understanding of the whole matter." *Id.*

-16-

In this case, Mr. Barnett advised the court he "enjoys sound mental health[,] ... completed in excess of fifteen (15) years of education and is fully literate." Thus, we cannot say Mr. Barnett could not understand the trial court's questions or comprehend the serious nature of self-representation when explained to him. In that regard, the trial court clearly pointed out at the hearing to Mr. Barnett some of the risks in proceeding *pro se.* These included Mr. Barnett's inability to: 1) fully investigate his case due to his incarceration; 2) adequately deal with the State's adverse expert or medical testimony; and 3) properly conduct voir dire. The trial court also explained it could not give Mr. Barnett any guidance, and that he "would be treated like any attorney would be treated" if he represented himself.

In addition, Mr. Barnett's appointed trial counsel relayed to the court at the same hearing that she had advised Mr. Barnett under *Faretta* of the disadvantages and dangers of going to court representing himself, and that, on indictment, he faced sixty-four-and-a-half years incarceration, of which twenty-three years would be mandatory. She also pointed out Mr. Barnett faced only twenty-five-and-a-half years in prison, of which six would be mandatory if he accepted the state's plea offer. Finally, she reiterated, " [a]s to the standard of *Faretta*, I don't believe there's any question of competence, and we have appraised him of

the dangers and disadvantages."

An examination of the hearing transcript clearly shows Mr. Barnett understood the risk and dangers associated with self-representation, as articulated by the court and his appointed trial counsel. This is evidenced, in part, by his acknowledgment he could not fully investigate the facts of his case, represent himself any better than Ms. Brandt, deal with expert and medical witnesses, or competently conduct voir dire. However, when the district court urged Mr. Barnett to use his counsel and advised him self-representation was "an extremely dangerous course," Mr. Barnett responded, "I still feel that my best interest is for me to take it to trial." Under these circumstances, Mr. Barnett plainly assented to proceed *pro se* despite the described disadvantages. Thus, he knowingly and intelligently waived representation by counsel, and he has never professed otherwise. As previously stated, the New Mexico Court of Appeals' contrary finding was based exclusively on Mr. Barnett's admission he lacked certain professional or legal skills to try his case. This is not a valid or permissible reason for denying Mr. Barnett the right to self-representation. *See McKinley*, 58 F.3d at 1481.

For the reasons stated above, we conclude the state courts' adjudications

concerning Mr. Barnett's request to proceed to trial *pro se* resulted in decisions that were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We therefore **AFFIRM** the district court's September 26, 2000 Order and Judgment granting Mr. Barnett's habeas petition and vacating Mr. Barnett's conviction.[4] In accordance with this decision, counsel for the Office of the Federal Public Defender representing Mr. Barnett on appeal is instructed to file an entry of appearance in this court within five days from the date this order and judgment is filed, identifying him- or herself as the attorney who authored the brief at issue.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[4] The district court's December 29, 2000 Order concerning Mr. Barnett's motion to clarify its September 26, 2000 judgment, and the district court's January 23, 2001 Order granting the State's motion for a stay of any further district court proceedings pending appeal, are not before this court for resolution in this appeal. Therefore, we express no opinion on those Orders, or any motions or proceedings currently before the district court.