**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roger D. BROWN, Defendant-Appellant.**

No. 86–1532.

United States Court of Appeals,
Seventh Circuit.

Argued May 22, 1986.

Decided May 23, 1986.

Christopher C. Zoeller, Indianapolis, Ind., for defendant-appellant.

John Daniel Tinder, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Indicted for tax offenses, Roger Brown decided to represent himself. This is his right. *Faretta v. California*, 422 U.S. 806 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). One corresponding obligation is to abide by the court's unfavorable rulings while preserving any right to appeal. *Maness v. Meyers*, 419 U.S. 449, 458–60, 95 S.Ct. 584, 590–92, 42 L.Ed.2d 574 (1975). Brown wanted the right without the duty.

Brown sought access to the Internal Revenue Service's files on all grand and petit jurors involved in the case, as well as on the district judge. The court ruled against

him. When the court called the case for trial on March 31, 1986, Brown refused to participate. Brown wanted the documents to question jurors; the court explained why they were unavailable for this purpose. Brown insisted that the court could not proceed because he had filed an application for a writ of prohibition; the judge explained that an application does not terminate the court's jurisdiction, and that a district court may proceed while an appellate court considers the application. Cf. *Thornton v. Wahl*, 787 F.2d 1151, 1153 (7th Cir.1986). Finally, after an hour's worth of explanations, the court told Brown that he must choose between going to trial and being cited for contempt of court. Brown was polite but resolved; he refused to participate until he had been given the materials he requested and said: "Your Honor, I stand firm. I will not continue this on my part.... I will pick up my papers and leave." The judge then summarily held Brown in contempt and sentenced him to 60 days' imprisonment.

The next day the judge filed the certificate required by Fed.R.Crim.P. 42(a). The judge explained that he had denied Brown's requests for more documents, that he had convened the trial, and that "[t]he defendant stated to the Court five times ... that he would not proceed with the trial. He stated to the Court that he would not sit at counsel table but would sit in the gallery. This Court then ordered defendant to sit at counsel table. The defendant defied this Court's order stating to the Court he would not sit at the counsel table." The certificate ordered Brown to start serving his sentence on April 6. Brown's appellate counsel filed a brief on May 15, 1986. The case came to the motions panel for emergency consideration.

■ Rule 42(a) provides that a court may punish a criminal contempt summarily "if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." See also 18 U.S.C. § 401. Brown's contempt was committed in open court; summary proceedings were

appropriate. *United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975). Brown's appellate counsel maintains that the court should have set the contempt proceeding for a jury trial under Rule 42(b). But this is unnecessary when the contempt occurs in the judge's presence and disrupts ongoing proceedings. This case was ready for trial; the prosecution wanted to start presenting evidence. Brown's conduct led the court to call off the trial, sending prosecutor and witnesses home. This is a serious interference with the process of justice. Ours is not a marginal case such as *Harris v. United States*, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), in which the court could have plunged ahead and discussed contempt later. Brown's obstreperous conduct brought this trial to a halt. The court was entitled to threaten contempt in order to induce Brown to cooperate; when Brown refused, the court was entitled to make good the threat.

■ The Supreme Court has counseled judges to use criminal contempt only as a last resort, and Brown invokes this principle. A court faced with a defendant's refusal to proceed has other resorts. The court may, for example, rescind the defendant's permission to proceed as his own counsel. *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46. The court may treat the defendant's refusal as a waiver of the right to be present and may conduct the trial in absentia. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). The court may order the balking defendant removed from the courtroom and sent to a place where he can listen to the proceedings by loudspeaker. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); cf. *United States v. Seale*, 461 F.2d 345 (7th Cir.1972). All of these options, however, would have delayed the trial. Because Brown was representing himself, the court could not simply have excluded Brown and turned the defense over to Brown's attorney. Even rescinding Brown's permission to represent himself would have required the judge to

call off the trial on March 31. In order to hold the trial when it was scheduled, the court needed Brown's cooperation. The threat of contempt was designed to elicit that cooperation. Threats must be credible to be useful, and promises are credible only if they may be kept. Both the threat and the finding of contempt therefore were permissible.

A court is entitled to obedience. Litigants such as Brown have the right to appeal. They may store up errors, but they must obey in the interim. Brown has forfeited his right to represent himself. More than that, he has committed criminal contempt of court.

AFFIRMED