UNITED STATES of America, Plaintiff–Appellee,

v.

Michael L. BROCK, Defendant–Appellant.

No. 98–1858.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1998.

Decided Oct. 30, 1998.

Sharon Jackson (argued), Judith A. Stewart, Office of United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

William E. Marsh (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, Michael L. Brock, pro se, Arcadia, IN, for Defendant–Appellant.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

Shortly after being indicted on six felony counts, appellant Michael L. Brock ("Brock") filed a *pro se* motion announcing that neither his court-appointed attorney nor any other attorney was authorized to represent him. The court subsequently permitted Brock to proceed *pro se.* However, less than two months later, the court reconsidered Brock's *pro se* status and appointed counsel; finding that because of his obstreperous conduct Brock had "forfeited his right to represent himself." *United States v. Brock,* No. IP 96–159–CR–03–B/F, slip op. at 6 (S.D.Ind. July 7, 1997). A jury convicted Brock on all six counts of the indictment. On appeal, Brock argues that the district judge violated his Sixth Amendment right to self-representation. We affirm.

## I. BACKGROUND

Brock was indicted by a federal grand jury on November 26, 1996. He was charged with one count of conspiracy to violate the laws of the United States in violation of 18 U.S.C. § 371, three counts of possession of a machine-gun in violation of 18 U.S.C. § 922(*o*), and two counts of dealing explosive materials in violation of 18 U.S.C. § 842(a). Richard Kammen ("Kammen") was appointed to represent Brock the day after the indictment. After Kammen had represented Brock in several pretrial matters, the trouble began.

On April 14, 1997, Brock filed a *pro se* motion titled "Demand for Bill of Particulars." On April 24, 1997, Brock filed a second *pro se* motion titled "Affidavit of Denying Entry of a Plea and Appointment of Counsel." In the second motion, Brock denied that Kammen, or any other attorney, was authorized to act on his behalf. The district judge conducted a hearing on May 13, 1997 to determine whether Brock wished to waive his right to counsel and invoke his right to self-representation. At the hearing, Brock repeatedly demanded a Bill of Particulars and challenged the court's authority. Unsatisfied with the court's responses, Brock "refused to answer the [c]ourt's questions or to cooperate in any way with the proceedings." *United States v. Brock,* No. IP 96159–CR–03–B/F, slip op. at 3 (S.D.Ind. July 7, 1997). Finally, Brock stormed out of the

courtroom. The court held him in contempt. *See* Order of Contempt, May 13, 1997.

Following the May 13 hearing, the trial judge relieved Kammen of his appointment to represent Brock and appointed William Marsh ("Marsh") as standby counsel. The judge also directed a magistrate judge to inform Brock of the riskiness of self-representation. Accordingly, the magistrate conducted hearings on May 14 and 15, 1997. During these hearings, Brock repeated his demands and refused to answer any questions about whether he wanted to be represented by counsel. The magistrate cited Brock for contempt. *See* Order, June 6, 1997. The court subsequently permitted Brock to proceed *pro se.*

Finally, at a July 3, 1997 hearing convened to reconsider Brock's *pro se* status, Brock continued to "challenge the [c]ourt's jurisdiction and made repeated demands for a Bill of Particulars." *Brock,* No. IP 96–159–CR–03–B/F, slip op. at 4. The court found that Brock "ha[d] forfeited his right to represent himself," and appointed Marsh to serve as Brock's counsel. *Id.* at 6.

Brock was tried by a jury and convicted on all six counts of the indictment. On April 2, 1998, he was sentenced to 108 months of imprisonment, three years of supervised release, and a $2,000 fine. Brock filed a timely notice of appeal on April 6, 1998, arguing that his Sixth Amendment right to self-representation had been violated.

## II. DISCUSSION

■ Implicit in a criminal defendant's Sixth Amendment right to counsel is the defendant's right to self-representation. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). As the Supreme Court reasoned in *Faretta,* "[t]he right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails." *Id.* at 819–20, 95 S.Ct. at 2533. However, the right to self-representation is not absolute: "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id.* at 835 n. 46, 95 S.Ct. at 2541 n. 46. Therefore,

the issue before us is whether the district court's decision to revoke Brock's *pro se* status was justified in light of Brock's conduct. We review the district court's decision for abuse of discretion.

■ *Illinois v. Allen,* a case that deals with the Sixth Amendment right to be present at trial, provides guidance regarding the type of conduct that justifies imposing counsel on an unwilling defendant. 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). In *Allen,* the Court held that a "defendant can lose his right to be present at trial if, after he has been warned by the judge ... he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Id.* at 343, 90 S.Ct. at 1060–61. The Court further concluded that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Id.* at 343, 90 S.Ct. at 1061. In *United States v. Dougherty,* the D.C. Circuit extended this rationale to the right to self-representation. 473 F.2d 1113, 1125 (D.C.Cir.1972) (holding that, under *Allen,* "obstreperous behavior may constitute waiver of the *pro se* right"). We agree with the D.C. Circuit that when a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel.

This is not the first time that this Court has recognized the limits of the right to self-representation. In *United States v. Brown,* we confronted a situation similar to the one that we now face. 791 F.2d 577 (7th Cir. 1986). The defendant in *Brown* requested access to I.R.S. files on all grand and petit jurors involved in his case and on the district court judge. When the court ruled that Brown was not entitled to the files, he refused to proceed. Brown remained adamant, even after the judge explained the law at length. *Id.* at 578. The judge ultimately cited Brown for criminal contempt of court. In affirming the contempt order, we noted that "[a] court faced with a defendant's refusal to proceed ... may ... rescind the defen-

dant's permission to proceed as his own counsel." *Id.* (citing *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46). We concluded that, in addition to having committed criminal contempt of court, Brown had "forfeited his right to represent himself". *Brown*, 791 F.2d at 579.

■ The case before us is similar to *Brown*. Like Brown, Brock made requests that were denied by the district judge. Also like Brown, Brock expressed his dissatisfaction with the judge's rulings and explanations by refusing to proceed. At the May 13 hearing on Brock's *pro se* status, Brock "refused to answer the [c]ourt's questions or to cooperate in any way with the proceedings." *United States v. Brock*, No. IP 96–159–CR–03–B/F, slip op. at 3. (S.D.Ind. July 7, 1997). After repeated demands for a Bill of Particulars, as well as repeated challenges of the court's authority, Brock stormed out of the courtroom and was cited for contempt. *Id.* Similarly, during the May 14 and 15 hearings before the magistrate judge, Brock continued to make his demands. Unsatisfied with the magistrate's response, Brock refused to answer any questions regarding whether he wished to be represented by counsel. *Id.* at 3–4. Brock was again cited for contempt. *Id.* at 4. After he was allowed to represent himself, Brock continued his obstructionist conduct. Even during the hearing at which his *pro se* status was ultimately revoked, Brock continued to make the same two demands and refused to cooperate with the court. *Id.*

Brock's conduct made it practically impossible to proceed. Contempt citations[1] had no effect. Despite the district court's repeated attempts to secure his compliance, Brock stubbornly adhered to his policy of insisting that the court provide a Bill of Particulars and state the basis for its authority. By refusing to answer the court's questions, Brock made it extremely difficult for the court to move forward with its proceedings. Given the situation, the trial judge was with-

in her discretion in revoking Brock's *pro se* status.

Brock argues that *Faretta's* language severely limits the ability of a trial judge to revoke a defendant's *pro se* status based on pretrial conduct. He points out that *Faretta* refers to the "use [of] the courtroom for deliberate disruption of ... *trials*." *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46 (emphasis added). He further notes that in *United States v. Flewitt*, the Ninth Circuit interpreted this phrase to mean that "[p]retrial activity is relevant *only* if it affords a strong indication that the defendants will disrupt the proceedings in the courtroom." 874 F.2d 669, 674 (9th Cir.1989) (emphasis added). Brock asserts that his conduct did not indicate that he would be disruptive at trial. Therefore, he concludes that the trial judge violated his right to self-representation.

Even if we were to adopt the Ninth Circuit's interpretation of *Faretta*, Brock loses. Brock's behavior, unlike that of the defendants in *Flewitt*, *was* sufficient to allow the district judge to conclude that there was a strong indication that Brock would continue to be disruptive at trial. In *Flewitt*, the defendants were denied permission to travel to a warehouse to view documents related to their case. After the denial of their motion, the *Flewitt* defendants refused to look at the discovery materials that were made available to them. Finding that the defendants were "incapable of effectively representing [them]selves," the court appointed counsel. *Id.* at 672. On appeal, the Ninth Circuit held that "if [the defendants] chose to represent themselves and, after reasonable opportunities afforded by the court, chose tactics that left them poorly prepared to defend, that was their choice to make." *Id.* at 673. The court further explained that "[i]t was not that [the defendants] had been or would be disruptive; it was that they had not and would not properly prepare for trial." *Id.* In *Flewitt*, the defendants' conduct merely affected the defendants' chance of prevailing at trial;[2] it

---

1. Brock was also cited for contempt for repeatedly refusing to submit to fingerprinting pursuant to a court order. *See* Order, June 6, 1997.

2. According to *Faretta*, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta*, 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46.

did not prevent the trial from proceeding. In contrast, Brock's steadfast refusal to answer the court's questions made it extremely difficult for the court to resolve threshold issues, such as whether the defendant would be represented by counsel. Brock did not simply refuse to prepare for trial, he refused to cooperate, even minimally, with the court. Furthermore, Brock's obstructionist conduct persisted even after several contempt citations. It was, therefore, reasonable for the trial court to conclude that Brock's behavior strongly indicated that he would continue to be disruptive at trial.[3]

## CONCLUSION

The trial judge did not abuse her discretion in holding that Brock had forfeited his Sixth Amendment right to self-representation. Therefore, we AFFIRM Brock's conviction.

---

**3.** Brock also seems to challenge the conclusion that his conduct constituted a disruption of the pretrial proceedings. He cites *United States v. McKinley*, which held that "a defendant's mere incompetency in self-representation is not a sufficient basis for inferring a desire to delay and disrupt the proceedings." 58 F.3d 1475, 1482 (10th Cir.1995). However, as we have already discussed, Brock's conduct showed more than mere legal incompetence—it showed a lack of good faith cooperation with the court such that the proceedings were severely impeded.