141 Nev., Advance Opinion 60

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK, AND THE HONORABLE TINA
TALIM, DISTRICT JUDGE,
Respondents,
 and
LEE BRYAN KIRK, JR.,
Real Party in Interest.

No. 91385



FILED

NOV 26 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Emergency original petition for a writ of mandamus challenging a district court order granting defendant's counsel's motion to withdraw and permitting defendant to represent himself at trial notwithstanding his refusal to submit to a canvass under *Faretta v. California*, 422 U.S. 806 (1975).

*Petition granted.*

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Karen L. Mishler, Chief Deputy District Attorney, Clark County,
for Petitioner.

Lee Bryan Kirk, Jr., Las Vegas,
Pro Se.

BEFORE THE SUPREME COURT, HERNDON, C.J., and PICKERING and LEE, JJ.

 

*OPINION*

By the Court, HERNDON, C.J.:

The Sixth Amendment of the United States Constitution and Article 1, Section 8(1) of the Nevada Constitution guarantee an accused the right to counsel in a criminal matter. These provisions also imply the right to self-representation. As we recognized in *Miles v. State*, there is a "tension inherent in the simultaneous guarantees of a right to counsel and a right to represent oneself." 137 Nev. 747, 751, 500 P.3d 1263, 1269 (2021). In fact, because these rights "are 'two faces of the same coin,' the assertion of one necessarily requires the waiver of the other." *United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).

A predicament thus arises when a defendant invokes the right to self-representation. *Miles*, 137 Nev. at 751, 500 P.3d at 1269. The trial court risks reversal if it allows the defendant to self-represent because its canvass under *Faretta v. California*, 422 U.S. 806 (1975), might be found insufficient to show a knowing and voluntary waiver of the right to counsel. *Miles*, 137 Nev. at 751, 500 P.3d at 1269. On the other hand, it risks reversal for the denial of self-representation if the right to counsel is too vigorously shielded. *Pryor*, 842 F.3d at 451. This, as we cautioned in *Miles*, "leaves trial courts 'with the narrowest of channels along which to navigate the shoals of possible error.'" 137 Nev. at 751, 500 P.3d at 1269 (quoting *People v. Bush*, 213 Cal. Rptr. 3d 593, 609 (Ct. App. 2017)).

Therefore, while acknowledging that the "right to represent oneself is firmly embedded in our law as a fundamental aspect of the right to control one's own defense," this court has frequently emphasized the

(O) 1947A

importance of conducting an appropriate *Faretta* canvass before permitting a defendant to embark on self-representation. *Id.* at 750, 500 P.3d at 1268. This court has not, however, addressed whether a request for self-representation should be rejected due to a defendant's refusal of a *Faretta* canvass. Consistent with many courts that have considered this issue, we hold that a defendant's refusal to engage in the requisite canvass results in a waiver of the right to self-representation.

In the proceeding below, real party in interest Lee Bryan Kirk, Jr., repeatedly expressed a desire to represent himself but adamantly refused to cooperate when the district court attempted to conduct a *Faretta* canvass, thwarting the district court's ability to determine whether his waiver of the right to counsel was knowing, intelligent, and voluntary. Despite this, on the eve of trial, the district court granted Kirk's counsel's motion to withdraw and permitted Kirk to represent himself. The State responded by filing an emergency petition for a writ of mandamus with this court, asking that we vacate the district court's order and direct the district court to reappoint counsel to Kirk before trial began. Concluding that the district court manifestly abused its discretion, we entered an emergency order granting the petition and directed issuance of the requested writ of mandamus. *State v. Eighth Jud. Dist. Ct.*, No. 91385, 2025 WL 2823624 (Nev. Oct. 3, 2025) (Order Granting Petition). We now issue this opinion to more fully explain our reasons for granting the emergency petition in this case.[1]

---

[1]This opinion constitutes the court's decision for purposes of NRAP 36, such that its filing starts the time to petition for rehearing as provided in NRAP 40 and the time to petition for en banc reconsideration as provided in NRAP 40A.

*FACTS*

A grand jury indicted Kirk for carrying a concealed explosive substance, firearm, pneumatic gun, or other dangerous or deadly weapon, a category C felony. A public defender was appointed to represent Kirk. During his arraignment, Kirk pleaded not guilty, invoked the 60-day rule, and indicated he wished to represent himself. The district court set the matter for a *Faretta* canvass. At the subsequent hearing on the matter, Kirk refused to answer any questions in the court's canvass. Consequently, the district court denied Kirk's request to represent himself and ordered that the public defender would remain on the case. The court advised Kirk that it would reconsider allowing him to represent himself if he later decided to participate in a *Faretta* canvass.

Thereafter, Kirk's public defender moved to withdraw due to a complete breakdown of the attorney-client relationship. The public defender asserted that new counsel should be appointed or that Kirk should be permitted to represent himself, provided he competently and intelligently chose to do so. During the hearing on the motion, Kirk confirmed his request for self-representation. The district court again attempted to conduct a *Faretta* canvass, but Kirk remained unwilling to engage in the canvass. Therefore, the court again rejected Kirk's request to represent himself. The court then granted Kirk's public defender's motion to withdraw and appointed conflict counsel to Kirk.

Kirk's new counsel made an unopposed request for a competency evaluation. Kirk initially refused to speak to doctors, evidently asserting the Fifth Amendment privilege against self-incrimination. Kirk eventually submitted to an evaluation, and he was found to be of sufficient mental ability to understand the nature of the charges against him and the court proceedings and to assist counsel in his defense. Meanwhile, in a

flurry of pro se filings, Kirk denied the court's jurisdiction and asserted that he had a constitutional right to self-representation "without going through a test called a Faretta Hearing." He maintained, "I will not take part" in a *Faretta* canvass, claiming it "violates my rights." Cycling through several court-appointed attorneys, Kirk declared, "[i]f anyone thinks that they represent me or can speak for me or put paperwork in for me, you are fired, you are fired, you are fired!" Kirk added, "I expect to win on these grounds on appeals and in the upper courts."

Shortly before trial was to commence, the final attorney who was appointed to Kirk moved to withdraw. During the hearing on the motion, Kirk reiterated that he wished to represent himself but remained unwilling to proceed with a *Faretta* canvass. Despite this, the district court granted Kirk's counsel's motion to withdraw and ordered that Kirk would be permitted to represent himself. The court determined that Kirk had forfeited his right to counsel through his pattern of obstructive behavior, obviating the need for a *Faretta* canvass.

## DISCUSSION

This court has original jurisdiction to issue writs of mandamus, and the decision to entertain a petition for such relief is solely within this court's discretion. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Jud. Dist. Ct.*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007). Mandamus is available to control a manifest abuse of discretion or an arbitrary or capricious exercise of discretion. *D.R. Horton*, 123 Nev. at 475, 168 P.3d at 737. The petitioner bears the burden to show that extraordinary relief is warranted, and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004).

We exercise our discretion to entertain this petition in the interest of judicial economy because it raises important legal issues in need of clarification; the district court's order is not independently appealable; and absent our intervention, a wasteful trial, appeal, and retrial would otherwise result. *See A.J. v. Eighth Jud. Dist. Ct.*, 133 Nev. 202, 204, 394 P.3d 1209, 1212 (2017) ("We routinely exercise our discretion to consider petitions for extraordinary relief in the interest of judicial economy when we are faced with important legal questions that need clarification.").

The State argues that the district court manifestly abused its discretion by permitting Kirk to represent himself when he did not make a knowing and voluntary waiver of the right to counsel. The State contends that the right to self-representation is not absolute, and while Kirk has filed numerous pleadings before the district court expressing his desire to represent himself, this establishes at most a voluntary waiver, not a knowing waiver, of his right to counsel. We agree.

As noted, the United States and Nevada Constitutions provide that a person brought to trial must be afforded the right to the assistance of counsel before he or she can be validly convicted and punished by imprisonment. U.S. Const. amend. VI; Nev. Const. art. 1, § 8(1). A criminal defendant also has a constitutional right to self-representation. U.S. Const. amend VI; Nev. Const. art. 1, § 8(1); *Faretta*, 422 U.S. at 818-19. An accused who chooses self-representation, however, "*must* satisfy the court that his waiver of the right to counsel is knowing and voluntary." *Vanisi v. State*, 117 Nev. 330, 337-38, 22 P.3d 1164, 1169-70 (2001) (emphasis added). To that end, we have directed the district court to undertake "a specific, penetrating and comprehensive inquiry of the defendant to determine whether the defendant understands the consequences of his or her decision

SUPREME COURT
OF
NEVADA

(O) 1947A

to proceed without counsel." SCR 253(1). This inquiry is generally known as a *Faretta* canvass. *See Vanisi*, 117 Nev. at 339, 22 P.3d at 1171.

Although this court does not require "mechanical performance" of a scripted *Faretta* canvass, "we have nevertheless repeatedly 'urge[d] the district courts to conduct a thorough inquiry of a defendant who wishes to represent himself and to make findings as to whether the defendant's waiver of the right to counsel is knowing, intelligent, and voluntary.'" *Miles*, 137 Nev. at 750, 500 P.3d at 1268 (quoting *Hooks v. State*, 124 Nev. 48, 55-56, 176 P.3d 1081, 1085 (2008)). Further, the record must show that "the accused was 'made aware of the dangers and disadvantages of self-representation.'" *Vanisi*, 117 Nev. at 338, 22 P.3d at 1170 (quoting *Faretta*, 422 U.S. at 835). "A conviction obtained after an invalid waiver of the right to counsel—that is, one that fails to demonstrate that the defendant knowingly, intelligently, and voluntarily waived the right—is per se invalid and is not subject to harmless-error analysis." *Miles*, 137 Nev. at 750, 500 P.3d at 1268.

While this court has recognized that a request for self-representation may be denied "if the request is untimely, equivocal, or made solely for purposes of delay or if the defendant is disruptive," *Vanisi*, 117 Nev. at 338, 22 P.3d at 1170, we have not addressed whether such a request should be rejected due to a defendant's refusal of a *Faretta* canvass. Several courts in other jurisdictions, however, have concluded that a defendant's refusal to engage in the requisite canvass results in waiver of the right to self-representation. A helpful starting point of reference is the Sixth Circuit Court of Appeals' opinion in *Pryor*, where, much like this court in *Miles*, the Sixth Circuit explained,

> Courts dealing with defendants seeking to represent themselves face a dilemma: the potential

for an unconstitutional denial of the right to counsel if the right to self-representation is too quickly provided or reversal for unconstitutional denial of the right to self-representation if the right to counsel is too vigorously shielded. The method that our court has devised to avoid the predicament is to provide an opportunity for defendants to indicate their desire to waive the right to counsel and then to undertake a thorough review of the detriments and disadvantages that accompany such a waiver. Where the defendant through his own actions does not permit the court to ascertain whether a waiver is knowing or voluntary, or even if he means to waive at all, he cannot use the court's failure to acknowledge the waiver later to take a mulligan and try his case again if he loses.

842 F.3d at 451.

Applying these principles, the Sixth Circuit concluded that a defendant's "rejection of further inquiry into his waiver of counsel" justified a magistrate judge's termination of the colloquy and resulted in a waiver of the defendant's right to self-representation. *Id.* at 449. Specifically, the defendant had "waived his self-representation right . . . by reason of his nonanswers." *Id.* at 451.

Also instructive is the Colorado Supreme Court's decision in *People v. Lavadie*, 489 P.3d 1208 (Colo. 2021). There, before his trial on felony charges, the defendant informed the court that he wanted to represent himself. *Id.* at 1209. The trial court attempted to conduct an *Arguello*[2] advisement (Colorado's version of a *Faretta* canvass), but "when the court inquired into his understanding of the charges against him and the range of allowable punishments, [the defendant] repeatedly gave

---

[2]*People v. Arguello*, 772 P.2d 87 (Colo. 1989).

unresponsive answers . . . or refused to participate in the proceeding." *Id.* at 1216. Finding their colloquy insufficient to establish a knowing, intelligent, and voluntary waiver of the defendant's right to counsel, the trial court refused to let him represent himself. *Id.* at 1212. A jury convicted him, and he appealed, contending the trial court improperly denied his right to self-representation. *Id.*

The Colorado Supreme Court disagreed, noting "although the record certainly demonstrates that [the defendant] did not want to be represented by a lawyer, there is a distinction between indicating a strong desire to forego representation and the knowing and intelligent waiver of that representation." *Id.* at 1216. Further, "although [the defendant] repeated his request to represent himself multiple times throughout the proceedings, there was no indication in the record that he was willing to engage with the court in answering any of its questions. In fact, [the defendant] at various times failed to follow the court's instructions or to respond to the court's questioning." *Id.* Accordingly, the Colorado Supreme Court concluded that the trial court did not err in determining that the defendant failed to properly waive his right to counsel and in subsequently denying his request to represent himself. *Id.* at 1217.

Numerous courts are in accord. *See, e.g., United States v. Hausa*, 922 F.3d 129, 135 (2d Cir. 2019) (concluding that the trial court did not err in denying a defendant's requests to represent himself where he "prevented the court from assessing his purported waiver by refusing to answer any questions meant to assess his understanding of the risks of self-representation"); *United States v. Krug*, 822 F.3d 994, 1000 (8th Cir. 2016) (determining that where a defendant refused to answer the court's questions after seeking self-representation, "the district court was unable

to determine that [his] attempted waiver of his right to counsel was knowing and voluntary, and therefore did not err in denying [his] motion to proceed pro se"); *Raulerson v. Wainwright*, 732 F.2d 803, 808-09 (11th Cir. 1984) (determining that a defendant waived his right to self-representation when he "abruptly walked out of the courtroom" as the trial court attempted to conduct a *Faretta* canvass); *People v. Gregory*, 81 N.Y.S.3d 472, 475 (App. Div. 2018) (concluding that the trial court appropriately denied a defendant's request to represent himself given "his unwillingness to engage with the trial court or communicate effectively with defense counsel").[3]

Thus, if a defendant wishes to represent himself, then he must unequivocally waive the right to counsel and submit to a thorough *Faretta* canvass to ensure the waiver is knowing, intelligent, and voluntary. But a defendant cannot assert the right to self-representation and simultaneously sow error into the proceeding by refusing the requisite canvass. *See Pryor*, 842 F.3d at 451; *see also United States v. Washington*, No. 21-2740, 2023 WL 128928, at *4 (3d Cir. Jan. 9, 2023) ("[A] defendant should not be permitted to gain a new trial on appeal by arguing a court erred in granting his request to proceed pro se where his refusal to participate in the court's

---

[3]Courts have also held that similar conduct may warrant revocation of a defendant's pro se status. *See, e.g., United States v. Brunson*, 482 F. App'x 811, 818 (4th Cir. 2012) (concluding the trial court appropriately revoked defendants' pro se status and appointed full-time counsel where they engaged in an "ongoing manipulative effort to delay and disrupt the criminal trial" by filing "numerous nonsensical pro se motions" and claiming "the district court did not have jurisdiction"); *United States v. Brock*, 159 F.3d 1077, 1080 (7th Cir. 1998) (determining that defendant's pro se status was properly revoked where he "refused to answer the court's questions or to cooperate in any way" at a hearing on his pro se status, challenged the court's authority, and "stormed out of the courtroom and was cited for contempt").



*Faretta* inquiry is the source of the purported error."). Stated simply, a defendant cannot have it both ways.

Here, Kirk repeatedly expressed a desire to represent himself but adamantly refused to cooperate when the district court attempted to conduct a *Faretta* canvass. The district court initially responded appropriately by repeatedly imploring Kirk to submit to a canvass, denying his request to represent himself, and advising him that it would reconsider allowing him to represent himself if he later decided to participate in a *Faretta* canvass. Despite having ample opportunities to agree to and participate in a *Faretta* canvass, Kirk continually refused, thwarting the district court's ability to determine whether his waiver of the right to counsel was knowing, intelligent, and voluntary. As a result, we conclude that Kirk waived the right to self-representation. *See Pryor*, 842 F.3d at 451; *Hausa*, 922 F.3d at 135; *Krug*, 822 F.3d at 1000; *Raulerson*, 732 F.2d at 808-09; *Lavadie*, 489 P.3d at 1216; *Gregory*, 81 N.Y.S.3d at 475.[4] Nonetheless, the district court ultimately granted Kirk's new counsel's motion to withdraw and ordered that Kirk would be permitted to represent himself. The district court manifestly abused its discretion in so ruling.

The flurry of pro se filings made below by Kirk underscores that he not only failed to knowingly and intelligently waive the right to counsel, but that he profoundly misapprehended the function of a *Faretta* canvass. As detailed, far from violating the rights of the accused, such a canvass

---

[4]This does not necessarily mean Kirk has permanently waived the right to self-representation. *See Pryor*, 842 F.3d at 451 ("This is not to say that an obstreperous defendant has forever waived his right to self-representation; on the contrary, where 'he promises to conduct himself properly,' the court should reinvestigate the invocation." (quoting *Illinois v. Allen*, 397 U.S. 337, 344 (1970))).

safeguards the important and specifically enumerated constitutional right to counsel as well as the credibility of the justice system. *See Miles*, 137 Nev. at 747, 749-51, 500 P.3d at 1266, 1268-69. And contrary to Kirk's suggestion, "[a] *Faretta* canvass is not a law school exam that the defendant must pass or be denied the right to represent oneself." *Id.* at 752, 500 P.3d at 1270. A canvass may, for instance, reveal to the defendant that he lacks awareness of the elements of the crime, highlighting one of the disadvantages of self-representation. *Id.* at 752-53, 500 P.3d at 1270. "Faced with the defendant's own mistakes, the defendant may well accept the assistance of counsel." *Id.* at 753, 500 P.3d at 1270. But following a thorough canvass, "[i]f the defendant still insists upon proceeding pro se, it will have been done with the correct information," and he should be permitted to represent himself. *Id.* In sum, a *Faretta* canvass "ensure[s] that defendants who choose to exercise [the right to self-representation] are well-informed enough not to make fools of themselves—even if their choice is, in an objective sense, likely unwise." *Id.* at 750, 500 P.3d at 1268. Although the district court here appears to have become understandably frustrated by Kirk's confusion and obstructionism, the proper course of action was not to succumb to his uninformed demands to represent himself. Rather, the district court should have continued to deny Kirk's request for self-representation until he participated in a full *Faretta* canvass, so that the district court could properly evaluate whether his waiver of the right to counsel was being made knowingly and intelligently.

## CONCLUSION

Courts should not lightly cast aside an accused's right to self-representation. At the same time, given the pronounced dangers and disadvantages of self-representation, defendants who wish to represent themselves must submit to a thorough *Faretta* canvass to ensure a knowing,

intelligent, and voluntary waiver of the right to counsel. Thus, when a defendant asserts the right to self-representation but refuses to engage in a *Faretta* canvass, he waives the right to represent himself. Accordingly, as previously directed in our emergency order, the State's petition is granted.

_____, C.J.
Herndon

We concur:

_____, J.
Pickering

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A